UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CASE NO: 1:13-CR-0023-O-BL-1 |
| JACLYN OLIVER | § § § | |

# REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The magistrate judge submits this Report and Recommendation to the United States district judge pursuant to 28 U.S.C. §636(b) and the referral Order dated August 25, 2016, addressing the motion to revoke **JACLYN OLIVER'S** term of supervised release.

### I.  PROCEDURAL BACKGROUND

#### A.  Original Conviction

On February 5, 2014, JACLYN OLIVER (hereafter Defendant) was sentenced to a term of incarceration of eighteen (18) months, to be followed by a term of supervised release of three (3) years, upon her conviction of Possession of Forged and Counterfeited Securities and Aiding and Abetting, 18 U.S.C. §§ 513(a) & 2. Supervision commenced on December 3, 2015 (Doc. 73). On June 10, 2016, a Petition for Offender Under Supervision (Doc. 73) was submitted by the United States Probation Office, requesting a violator's warrant for Defendant's arrest after violation of the conditions discussed below. The District Judge ordered the issuance of a warrant on June 14, 2016. (*Id.*). On June 28, 2016, Defendant was arrested. (Doc. 84). The United States filed a Motion to Revoke Supervised Release on June 22, 2016 (Doc. 76). An amended Petition for Offender

Under Supervision was filed on August 3, 2016, and approved by the District Judge on August 8, 2016. (Doc. 86). This amended petition corrected the date of a urine specimen which allegedly tested positive for methamphetamine.

### B. Revocation Proceedings

#### 1) Procedural History

Before the Court is the Government's Amended Motion to Revoke Supervised Release dated August 12, 2016 (Doc. 88), which reflected the information contained in the amended petition, and requested revocation of Defendant's term of supervised release and that Defendant be ordered to serve a sentence as determined by the Court.

Following Defendant's arrest, she appeared before the undersigned on June 23, 2016, for an initial appearance. (Doc. 77). A detention hearing and preliminary hearing were scheduled for July 7, 2016, but Defendant waived her right to such hearings. (Doc. 83). An Order of Detention and Finding Probable Cause was entered by the magistrate judge on June 28, 2016. (Doc. 85).

#### 2) Violation Allegations

As indicated above, a violator's warrant was issued and Defendant was arrested for allegedly violating terms of his supervised release, specifically[1]:

**Violation of Mandatory Condition**

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

---

[1] Alleged violations taken from the Amended Petition for Offender under Supervision dated August 3, 2016.

**Violation of Standard Condition No. 7**

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

**Violation of Special Condition No. 4**

The defendant shall abstain from the use of alcohol and all other intoxicants during the term of supervision.

**Nature of Noncompliance**

Jaclyn Oliver (Ms. Oliver) violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in or about March, April, and May 2016. On April 7, 2016, Ms. Oliver admitted, verbally and in writing, to U.S. Probation Officer Martin Hernandez, Jr. (USPO Hernandez) that she used methamphetamine on March 30, and April 4, 2016. On April 7, 2016, Ms. Oliver submitted a urine specimen to the U.S. Probation and Pretrial Services Office, Abilene, Texas, that tested positive for methamphetamine. Furthermore, on May 23, 2016, Ms. Oliver submitted a urine specimen to Kinkade Family Services, Abilene, Texas, that tested positive for methamphetamine. On May 31, 2016, Ms. Oliver admitted, verbally and in writing, to USPO Hernandez that she used methamphetamine on May 22, 2016, after completing an inpatient treatment program with Abilene Behavioral Health, Abilene, Texas.

**Violation of Special Condition No. 1**

Pursuant to the Mandatory Victims Restitution Act of 1996, the defendant shall pay restitution in the amount of $23,397.51, to be paid jointly and severally with Anthony Aguero (02) - 1:13-cr-023, payable to the U.S. District Clerk, P.O. Box 1218, Abilene, Texas 79604, for disbursement to: Abilene Teachers Federal Credit Union, Attn: Senior Accountant Diane Sanders, 3849 Antilley

Road, Abilene, Texas 79606. If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments on such unpaid balance beginning 60 days after release from custody at the rate of at least $50 per month until the restitution is paid in full. Further, it is ordered that interest on the unpaid balance is waived pursuant to 18 U.S.C. § 3612(f)(3).

**Nature of Noncompliance**

Jaclyn Oliver violated this condition of supervised release by failing to make restitution payments for April and May 2016.

### 3) Revocation Hearing

A Final Hearing on the Motion to Revoke Supervised Release was held on September 13, 2016, before the magistrate judge. Defendant was represented by Jeffrey Propst; the United States was represented by Assistant United States Attorney Juanita Fielden. The proceedings were electronically recorded.

Upon call of the matter, Defendant was placed under oath. The undersigned directed Defendant to the allegations contained in the Government's Amended Motion to Revoke, after which Defendant indicated that she understood the allegations and waived the reading of same. The undersigned then explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the sentencing options available to the Court. Defendant acknowledged her understanding and entered a plea of true to the allegations contained in Section I.B(2) above, specifically: the Mandatory Condition that she not unlawfully possess a controlled substance, that she refrain from any use of a controlled substance, and that she submit to periodic drug testing; Standard Condition No. 7, that she refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance; Special Condition

No. 4, that she abstain from the use of alcohol and/or all other intoxicants during the term of her supervision; and Special Condition No. 1, that she pay restitution as ordered in the original Judgment.

Defendant consented orally and in writing to allocution before the magistrate judge (Doc. 94). To that end, Defendant acknowledged that she had succumbed to her addiction, but accepted full responsibility for her actions. She stated that prison did not help with her addiction, and that she recognizes the need for treatment. Defense Counsel referenced the filing of a Sentencing Memorandum on September 12, 2016, which was reviewed by the undersigned. The attorney for the government declined to be heard.

## II.     FINDINGS OF THE COURT

    i.    The Defendant pled true to the allegations that she violated conditions of her supervised release as contained in the Government's Amended Motion to Revoke, and set forth in Section I.B(2) above, specifically: the Mandatory Condition that she not unlawfully possess a controlled substance, that she refrain from any use of a controlled substance, and that she submit to periodic drug testing; Standard Condition No. 7, that she refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance; Special Condition No. 4, that she abstain from the use of alcohol and/or all other intoxicants during the term of her supervision; and Special Condition No. 1, that she pay restitution as ordered in the original Judgment.;

    ii.    The Defendant was competent to make the decision to plead true to the allegations;

    iii.    The Defendant had both a factual and rational understanding of the proceedings against her;

iv. The Defendant did not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against her or the consequences of her plea;

v. The Defendant was sane and mentally competent to stand trial for these proceedings and to assist her attorney in the preparation and conduct of her defense;

vi. The Defendant received a copy of the Government's Amended Motion to Revoke, either read or had it read to her, had adequate opportunity to discuss the charges against her with her attorney, and ultimately understood the charges alleged against her;

vii. A preliminary revocation hearing was terminated based upon the waiver of Defendant to contest probable cause as to the alleged violations. An Order of Detention and Finding Probable Cause was subsequently entered by the magistrate judge;

viii. At the final revocation hearing, Defendant understood all of her statutory and constitutional rights, yet freely, intelligently, and voluntarily waived same and pled true to the allegations listed in subsection I.B(2) above; and

ix. The Defendant violated conditions of her supervised release.

## III. SENTENCING

### A. FACTORS

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See* § 3583(c). The sentencing court is to consider:

i. The nature and circumstance of the offense and the history and characteristics of the defendant, *see* 18 U.S.C. § 3553(a)(1);

ii. The need for the sentence imposed to afford adequate deterrence to criminal conduct, see 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the defendant, see 18 U.S.C. § 3553(a)(2)(C); and to provide the defendant with

|     |     |
| --- | --- |
|     | needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, see 18 U.S.C. § 3553(a)(2)(D)[2]; |
| iii. | The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines pursuant to section 994(a)(3) of title 28, United States Code, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission, see 18 U.S.C. § 3553(a)(4)(B); |
| iv. | The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, see 18 U.S.C. § 3553(a)(6); and |
| v. | The need to provide restitution to any victims of the offense, see 18 U.S.C. § 3553(a)(7). |

The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a) as applied to this defendant.

## B.  STATUTORY AND GUIDELINE PROVISIONS

The classification of Defendant's underlying criminal offense results in a two-year statutory maximum term of incarceration upon revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline 7B1.4(a) suggests a revocation range of five to eleven months imprisonment, based upon Defendant's criminal history category of III and the admitted Grade C violations. Revocation of supervised release and a term of imprisonment not to exceed the maximum provided in 18 U.S.C. § 3583(e)(3) is mandatory, given Defendant's admitted violations of using and possessing a controlled substance. *See* 18 U.S.C. § 3583(g)(1).

Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation. The maximum term of supervised release must not exceed

---

[2] Pursuant to *U.S. v. Miller*, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. Further, the sentencing court may not impose or lengthen a prison term in order to foster a defendant's rehabilitation. *U.S. v. Tapia*, 131 S.Ct. 2382 (2011).

the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *See* 18 U.S.C. § 3583(h); s*ee also U.S. v. Jackson*, 559 F.3d 368 (5th Cir. 2009). Accordingly, Defendant is subject to a term of supervised release up to 3 years, minus any revocation sentence.

## IV.   ANALYSIS AND RECOMMENDATION

### A.   Personal History

Defendant began her term of supervised release on December 3, 2015, in the Northern District of Texas, Abilene Division. On January 19, 2016, she was placed into a substance abuse treatment program which required individual counseling and random drug testing. Due to the current violations, she received an unsuccessful discharge from the program. Defendant was placed into an inpatient substance abuse treatment program on May 2, 2016, at Abilene Behavioral Health, Abilene, Texas. She successfully completed the inpatient program on May 9, 2016. Subsequently, Defendant admitted, both verbally and in writing, to the probation officer to the use of methamphetamine on May 22, 2016. Although afforded the opportunity of inpatient treatment, Defendant reverted to using illegal drugs only 13 days after her release from the treatment facility. Defendant has been employed through different hotels in the Abilene, Texas, area, but she has failed to maintain steady employment.

### B.   Justification

The subject revocation proceeding is a result of Defendant's return to using illegal substances despite the multiple counseling programs she has been afforded throughout her life.

She failed to take advantage of the treatment opportunities given to her and reverted to methamphetamine use 13 days after successfully completing the program.

Based on Defendant's conduct, coupled with her history of substance abuse and unsuccessful counseling and treatment programs, it appears Defendant is either unwilling or unable to commit to maintaining her sobriety. Therefore, a term of incarceration at the high end of the policy statement is appropriate in this case. **The recommendation of this Court is a 10-month term of imprisonment.**

Should the District Judge concur with the recommended custodial sentence, Defendant will be exposed to a term of supervised release of 36 months, minus any sentence imposed upon revocation. **It is recommended that a 26-month term of supervised release be reimposed** in this case. An additional term of supervised release will allow the defendant the assistance of the U.S. Probation and Pretrial Services Office to reintegrate into the community with drug aftercare, as well as other community resources.

To that end, should supervised release be reimposed, the following conditions are recommended:

### Mandatory Conditions:

1. The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2. The defendant shall not commit another federal, state, or local crime.

3. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one

drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the Court.

4. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

5. The defendant shall also comply with the standard conditions recommended by the U.S. Sentencing Commission and shall comply with the following additional conditions:

**Recommended Additional Condition(s):**

1. Pursuant to the Mandatory Victims Restitution Act of 1996, the defendant shall pay restitution in the amount of $23,397.51, to be paid jointly and severally with Anthony Aguero (02) - 1:13-CR-023, payable to the U.S. District Clerk, P.O. Box 1218, Abilene, Texas 79604, for disbursement to: Abilene Teachers Federal Credit Union, Attn: Senior Accountant Diane Sanders, 3849 Antilley Road, Abilene, Texas 79606. If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments on such unpaid balance beginning 60 days after release from custody at the rate of at least $50 per month until the restitution is paid in full. Further, it is ordered that interest on the unpaid balance is waived pursuant to 18 U.S.C. § 3612(f)(3).

2. The defendant shall refrain from incurring new credit charges or opening additional lines of credit without approval of the probation officer, unless the probation officer makes a determination that the defendant is in compliance with the payment schedule.

3. The defendant shall provide to the probation officer any requested financial information.

4.   The defendant shall refrain from the use of alcohol and all other intoxicants during the term of supervision.

5.   The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $15 per month.

6.   The defendant shall participate in mental health treatment services as directed by the probation officer until successfully discharged. These services may include medication prescribed by a licensed physician. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $15 per month.

## V.   CONCLUSION

Upon consideration of the foregoing, the magistrate judge **RECOMMENDS**:

i.   that Defendant be found to have violated the conditions of her supervised release as set forth in Section I.B(2) above, specifically: the Mandatory Condition that she not unlawfully possess a controlled substance, that she refrain from any use of a controlled substance, and that she submit to periodic drug testing; Standard Condition No. 7, that she refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance; Special Condition No. 4, that she abstain from the use of alcohol and/or all other intoxicants during the term of her supervision; and Special Condition No. 1, that she pay restitution as ordered in the original Judgment.;

ii.   that her supervised release be REVOKED;

iii.   that she be SENTENCED to the custody of the Attorney General for a period of ten (10) months; and

iv.   that a twenty-six (26) month term of supervised release be reimposed, incorporating the conditions set forth above.

## NOTICE OF OPPORTUNITY TO FILE OBJECTIONS TO REPORT AND RECOMMENDATION

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SIGNED this 14th day of September, 2016.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE